BENZ BROTHERS CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 19965.   Promulgated October 10, 1930.

*H. B. Jones, Esq.*, for the petitioner.
*A. H. Fast, Esq.*, for the respondent.

1218

OPINION.

Matthews: Two questions are presented for consideration: First, whether the Commissioner erred in disallowing as a deduction from corporate income for the taxable year involved herein a portion of the amount claimed by petitioner to represent a reasonable allowance for salaries paid and/or accrued to officers and stockholder-employees, as provided in section 234 (a) (1) of the Revenue Act of 1918; second, whether the assessment and collection of the deficiency determined by the Commissioner are barred by the statute of limitations.

With respect to the statute of limitations, which will be first discussed, it appears that petitioner's original income and profits-tax return for the fiscal year ended February 29, 1920, was filed with the collector on May 24, 1920. On April 17, 1925, a waiver was executed by the petitioner which purported to extend for one year the period of limitation upon assessment of taxes for the taxable year ending February 29, 1920. This waiver was not signed by the Commissioner, or on his behalf, and is not relied upon by the respondent to extend the period of limitation.

Another waiver for the fiscal year ended February 29, 1920, bearing the date of November 16, 1925, was signed in the name of petitioner by Reuben G. Benz, secretary-treasurer, and was also signed on behalf of the Commissioner.

Petitioner asserts that the second waiver is invalid because it was not executed prior to the expiration of the period of limitation prescribed by the statute. It is further claimed on behalf of petitioner

that Reuben G. Benz signed the waiver as secretary-treasurer of the corporation without the knowledge or approval of the other officers of the corporation and that he did not know, when the second waiver was executed, that the first waiver was ineffective because it had not been signed by the Commissioner.

This question was considered in the case of *Panther Rubber Mfg. Co.*, 17 B. T. A. 310, where it was held that written consents entered into between petitioner, by its president, and the Commissioner after the expiration of the statutory period of limitation, but before the enactment of the Revenue Act of 1926, are valid to extend the period for assessment and collection. See also *Wells Bros. Co. of Illinois et al.*, 16 B. T. A. 79; *Pittsburgh-Union Stock Yards Co.*, 16 B. T. A. 139; *Everett B. Moore, Administrator*, 17 B. T. A. 314; *D. G. Yuengling & Son, Inc.*, 20 B. T. A. 903; *Thiel Service Co.*, 17 B. T. A. 1114.

The petitioner's position that the officer who signed the waiver had no authority to do so and that the respondent must show that the waiver was executed by the Commissioner or his authorized agent, can not be sustained. *National Water Main Cleaning Co.*, 16 B. T. A. 223; *Pantages Theater Co.*, 17 B. T. A. 82; aff'd., 42 Fed. (2d) 810; *Panther Rubber Manufacturing Co.*, *supra*. See also *Liberty Baking Co.* v. *Heiner*, 37 Fed. (2d) 703, from which the following quotation is taken:

> The court below held as untenable, the objection that the waivers were not properly executed by the plaintiff or by the Commissioner of Internal Revenue; that the signing of such a waiver, by one or more executive officers, with the corporate seal affixed, given as it was to secure further consideration of corporate tax liability, comes within the ordinary powers of corporate officers; that as to the acceptance by the Commissioner, waivers being filed in his office bearing what purports to be his signature and acted upon by that officer, giving repeated consideration to the plaintiff's claims for further reductions, which resulted in withholding collections while the plaintiff's books were being examined, these facts preclude the plaintiff from now controverting the validity of the waivers. The objection that the waivers were without consideration cannot be sustained. The Statute requires nothing but "consent", and it would be unconscionable to allow the taxpayer to afterwards repudiate a consent upon which the Commissioner has acted and relied. It appears that in the circumstances, the execution of the waivers was a necessary incident to the securing of further consideration of the plaintiff's tax liability.

> We conclude that there was no error in sustaining the validity of the waivers.

We hold, therefore, that the second waiver dated November 16. 1925, is valid and served to extend the period of limitation upon assessment of taxes for the taxable year involved herein.

The second issue for determination relates to the disallowance by the Commissioner of a portion, to the extent of $25,116.30, of the deduction of $37,758.70 claimed by petitioner for salaries to officers and stockholder-employees.

The Revenue Act of 1918 provides for the deduction of salaries as follows:

SEC. 234. (a) That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions:

(1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered, * * *.

Before a salary may be deducted under the statute it must be shown that it is reasonable in amount and that it is for personal services actually rendered. It is a question of fact whether amounts paid constitute compensation for personal services actually rendered or amount to a distribution of profits as salaries. *United States* v. *Philadelphia Knitting Mills Co.*, 273 Fed. 657. There is no definite test to be applied in determining the reasonableness of salaries. As was said in *New York Talking Machine Co. et al.*, 13 B. T. A. 154, 161:

* * * The fact that the compensation is large in amount is no bar to the deduction of the amount as an ordinary and necessary expense provided that it is paid in pursuance of an agreement to pay the compensation, is for personal services actually rendered, and constituted only reasonable compensation for such services. *H. V. Greene Co.*, 5 B. T. A. 442.

We also held in that case:

The question of the reasonableness of the salaries must be determined with reference to the volume of business, the profits made, the character of the services for which the compensation was paid, and all other pertinent facts shown.

If it can be shown that they were incurred during the taxable year, salaries may be deductible although they were not actually paid within the year. *American Express Co.*, 2 B. T. A. 498; *Benton County Hardware Co.*, 10 B. T. A. 869. It is essential that the compensation be reasonable for the services rendered, but such services may have been performed in part during a preceding year. As was said by the Supreme Court of the United States in *Lucas* v. *Ox Fibre Brush Co.*, 281 U. S. 115, in affirming the decision of the Circuit Court of Appeals for the Fourth Circuit, 32 Fed. (2d) 42:

The statute does not require that the services should be actually rendered during the taxable year, but that the payments therefor shall be proper expenses paid or incurred during the taxable year.

In times of stress a corporation may seek additional time to meet its obligations and may decide to defer or charge off the payment of full compensation to its employees. Additional compensation may be deducted the following year in an amount equal to that which was authorized but not paid for services actually rendered, if it can be shown that the amount so deducted was paid or incurred during the year for which the deduction is claimed and that such compen-

sation is reasonable, within the meaning of the statute. See *Rock Island Sash & Door Works*, 13 B. T. A. 635, and cases cited therein.

In the instant case the books of petitioner were kept on the accrual basis and we have found that the entire amount sought to be deducted on account of salaries for services rendered was properly entered in the books of the corporation before the end of the taxable year either as cash withdrawn or as salaries accrued. There is no question that the compensation was authorized at the beginning of the taxable year, although no formal record was made in the company's minutes. Petitioner is a close family corporation and the entire capital stock outstanding for the taxable year was owned by F. Benz, his wife and their seven sons. Closely held corporations, as is well known, often make decisions in conversations, which decisions are not always recorded in the minutes but by action. It is well established that a corporation can act through its directors informally without written minutes or formal resolutions. See *Reub Isaacs & Co.*, 1 B. T. A. 45, and cases cited therein; *The Parisian*, 2 B. T. A. 415; *W. H. Harris Grocery Co.*, 3 B. T. A. 216.

The action of the board of directors of a corporation in authorizing salaries for a given period is entitled to the presumption that such salaries are reasonable and proper. *Woodcliff Silk Mills*, 1 B. T. A. 715; *Collins-McCarthy Candy Co.*, 4 B. T. A. 1280; *Standard Silk Dyeing Co.*, 9 B. T. A. 648. See also the opinion of the Circuit Court of Appeals in the *Ox Fibre Brush Co.* case, referred to above. This presumption of correctness is not inconsistent with the principle that the burden of proof rests upon the taxpayer. See *W. K. Henderson Iron Works & Supply Co.* v. *Blair*, 25 Fed. (2d) 538, where it was held that a salary voted in one year for services performed in a preceding year and disallowed as a deduction for such preceding year is not allowable in the year in which voted, in the absence of proof to sustain its reasonableness.

We think the petitioner in this case has fully sustained the burden of proof. There is no evidence that the corporation attempted to dispose of its profits for the year in question in the guise of salaries. The bonus agreed to be paid to each member of the family was not voted because they were stockholders, but because they all performed services as officers or employees of the corporation which the trustees (directors) believed to have been peculiarly valuable. The compensation paid to the officers and stockholders bore no relation to their stockholdings. The petitioner's return showed a net income, after deducting the full amount of compensation claimed to represent reasonable salaries, of more than $16,000, which is a return of over 16 per cent on the capital invested. The evidence justifies the conclusion that the services rendered to the corporation by the different members of the Benz family were commensurate with the

compensation paid and/or accrued to them, and that the salaries authorized by the trustees were not unreasonable or excessive in view of the duties performed, the responsibilities assumed, the volume of business handled, and the profits to the corporation arising therefrom.

We hold that the amount deducted by the petitioner was a reasonable compensation for the services actually rendered to the corporation by its officers and stockholder-employees, and that the liability therefor was incurred during the taxable year. The deficiency will be recomputed, allowing the deduction claimed by petitioner in the sum of $37,758.70.

*Judgment will be entered under Rule 50.*